IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10541-NWW |
| | § | |
| AARON MICHAEL WOLFE, | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § | |

| | | |
|---|---|---|
| IMPACT IMAGES, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| vs. | § | ADV NO. 1:24-ap-01020-NWW |
| | § | |
| AARON MICHAEL WOLFE, | § | |
| | § | |
| DEFENDANT. | § | |

**PLAINTIFF IMPACT IMAGES, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff, Impact Images, Inc. ("Plaintiff" or "Impact") and respectfully submits the following Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

1. On June 21, 2019, Impact brought suit against Defendant Aaron Michael Wolfe ("Defendant") in the Superior Court of California, County of Riverside ("California Court"), in a case captioned: *Impact Images, Inc. v. Aaron Wolfe, et al.*, Case No. RIC1903448 (the "State Court Action"). A true and correct copy of Impact's Complaint initiating the State Court Action is attached hereto and incorporated herein as **Exhibit A**.

2. In the State Court Action, Impact alleged the following claims against Defendant: (i) Breach of Contract, (ii) Breach of Duty of Undivided Loyalty, (iii) Interference with Prospective Economic Advantage, (iv) Violation of California Uniform Trade Secrets Act, (v) Violation of the

1

Defend Trade Secrets Act, and (vi) Violation of Business and Professional Code § 17200. Exhibit A, at IMPACT0001157.

3. The State Court Action was resolved by a jury trial.

4. Defendant was represented by counsel in the jury trial of the State Court Action. A true and correct copy of Defendant's Responses to Requests for Admissions is attached hereto and incorporated hereto as **Exhibit B**.

5. Counsel for Defendant presented defenses to the causes of action in the State Court Action in the jury trial. Exhibit B at 2.

6. On September 15, 2022, the California Court gave the jury the following jury instruction during trial:

> In order to recover punitive damages, Impact must prove by clear and convincing evidence that Wolfe acted willfully and maliciously… "Willfully" means that Wolfe acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith. "Maliciously" means that Wolfe acted with an intent to cause injury, or that Wolfe's conduct was despicable and was done with a willful and knowing disregard for the rights of others.

A true and correct excerpt of the September 15, 2022 trial transcript is attached hereto and incorporated herein as **Exhibit C**, at IMPACT0001135–36.

7. On September 19, 2022, following a jury trial, the jury returned a verdict in favor of Impact and against Defendant for breach of contract, breach of implied covenant of good faith and fair dealing, breach of loyalty, interference with prospective economic advantage, California Trade Secrets Act, and Defend Trade Secrets Act (the "Verdict"). A true and correct copy of the of Verdict Form evidencing the jury's Verdict is attached hereto and incorporated herein as **Exhibit D**.

8. As reflected in the Verdict, the jury made the following findings of fact pertinent to Impact's claim under the California Trade Secrets Act (Cal. Civ. Code § 3426, *et seq*.):

  a. Defendant acquired, used or disclosed the trade secrets of Impact by improper means;

  b. Defendant's improper acquisition, use or disclosure of Impact's trade secrets was a substantial factor in causing harm to Impact;

*See* Exhibit D, at IMPACT0001181–82.

9. As reflected in the Verdict, the jury made the following findings of fact pertinent to Impact's claim under the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1836, *et seq*.):

  a. Defendant intended to convert Impact's trade secrets to an economic benefit for himself or someone other than Impact;

  b. Defendant intended or knew that Defendant's misappropriation or use of the trade secrets would injure Impact;

  c. Defendant knowingly stole or without authorization appropriated, took, carried away, concealed, obtained by fraud, obtained by artifice or obtained by deception Impact's trade secrets; and

  d. Defendant's improper acquisition, use or disclosure of the information was a substantial factor in causing Impact's harm.

*See* Exhibit D, at IMPACT0001183–84.

10. As reflected in the Verdict, the jury answered "Yes" to the question "Did Defendant Aaron 'Rusty' Wolfe engage in willful and malicious misappropriation of trade secrets?" Exhibit D at IMPACT0001185.

11. The jury also determined that Defendant "engage[d] in conduct with malice, oppression, or fraud" and awarded punitive damages against Defendant in light of his willful and malicious acts. See Exhibit D, at IMPACT001186.

12. The jury awarded Plaintiff its attorney's fees on account of Defendant's willful and malicious acts. A true and correct copy of the of *Order re: Plaintiff Impact Images, Inc.'s Motion*

*for Attorney's Fees* is attached hereto and incorporated herein as **Exhibit E**. Exhibit E at IMPACT0001195–96.

13. On March 6, 2023, the California Court entered its *Order re: Plaintiff Impact Images, Inc.'s Motion for Attorney's Fees* and, in light of the Verdict, awarded Plaintiff its attorney's fees pursuant to the California Trade Secrets Act. Exhibit E at IMPACT0001194–96.

14. On April 11, 2023, following return of the Verdict, the California Court entered its Amended Judgment ("Judgment") in favor of Impact and against Defendant on Plaintiff's claims for Breach of Contract, Breach of Duty of Loyalty, Interference with Prospective Economic Advantage, misappropriation of trade secrets under the California Uniform Trade Secrets Act, and misappropriation of trade secrets under the federal Defend Trade Secrets Act of 2016. A true and correct copy of the Judgment is attached hereto and incorporated herein as **Exhibit F**.

15. The Judgment awarded Impact the total principal sum of $2,453,194.07, which amount includes $1,166,868.00 in compensatory damages, $200,000.00 in punitive damages, attorneys' fees of $948,988.00, and costs of $137,338.07, plus post-judgment interest. Exhibit F; *see also* Exhibit B at 3, ¶ 11.

16. As of March 6, 2024, the Defendant was indebted to Plaintiff pursuant to the Judgment in the total amount of $2,549,996.59. A true and correct copy of Plaintiff's Proof of Claim #3-1 is attached hereto and incorporated herein as **Exhibit G**.

17. The Judgment is final and non-appealable.

18. On March 6, 2024, Defendant filed a petition for relief under chapter 7 of title 11 of the United States Code.

19. On June 3, 2024, Plaintiff commenced this adversary proceeding to determine that Defendant's debt to Plaintiff is non-dischargeable under 11 U.S.C § 523(a).

Dated: April 9, 2025

Respectfully submitted,

**HUSCH BLACKWELL LLP**

*/s/Ryan A. Burgett*
Ryan A. Burgett, TN BPR #033641
736 Georgia Avenue, Suite 300
Chattanooga, TN 37405
Phone: (423) 266-5500
Fax: (423) 266-5499
Email: ryan.burgett@huschblackwell.com

*Attorneys for Impact Images, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2025, a true and correct copy of the foregoing was served by electronic means *via* the Court's ECF system to the parties registered to receive electronic service in the above-styled adversary proceeding and to the parties listed below by first class U.S. mail.

Aaron Michael Wolfe
10062 Meadowstone Drive
Apison, TN 37302

*/s/ Ryan A. Burgett*
Ryan A. Burgett

5

HB: 4897-9500-0325.2