# EXHIBIT E

Case 1:24-ap-01020-NWW  Doc 29-5  Filed 04/09/25  Entered 04/09/25 13:25:24  Desc
Exhibit E-Order  Page 2 of 8

Electronically FILED by Superior Court of California, County of Riverside on 03/06/2023 02:00 PM
Case Number RIC1903448 J0000051866974 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By M. Vargas, Clerk

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF RIVERSIDE

| | |
|---|---|
| IMPACT IMAGES, INC., a California Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>AARON WOLFE, an individual and doing business as Active Canopy; ROBERT BOLDEN, an individual and doing business as Activate Canopy; and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. RIC1903448<br><br>Hon. Eric A. Keen<br>Department 06<br><br>**[PROPOSED] ORDER RE: PLAINTIFF IMPACT IMAGES, INC.'S MOTION FOR ATTORNEY'S FEES**<br><br>**Resv. ID   499286603026**<br>Date:     March 1, 2023<br>Time:    8:30 a.m.<br>Dept.:    06<br><br>Complaint Filed:   June 21, 2019<br>Trial Date:       August 26, 2022 |

[PROPOSED] ORDER

IMPACT001193

Plaintiff Impact Images, Inc.'s Motion for Attorney's Fees came on for hearing on March 1, 2023, at 8:30 a.m., in Department 6 of the above-captioned Court.

The Court, having reviewed and considered the Motion, all documents in support thereof and in opposition thereto, and having heard the arguments of counsel, and finding good cause therefor, rules as follows:

Plaintiff Impact Images, Inc. ("Plaintiff" or "Impact") designs and markets pop-up tents and canopies. Defendants Aaron Wolfe and Robert Bolden ("Defendants") are former sales representatives of Plaintiff. Plaintiff alleges that, while employed by Plaintiff, Defendants formed a competing business called Activate Canopy ("Activate"), and began marketing similar products to Plaintiff's customers using confidential information in violation of their employment contracts. Plaintiff alleges that Defendants stole customer data and diverted sales from Impact to Activate and used Plaintiff's intellectual property in the design of the Activate website to make it look like Impact's website. Plaintiff also asserts that Defendants stole technical and manufacturing plans.

Plaintiff filed its Complaint on June 21, 2019 for: (1) Breach of Contract; (2) Breach of Duty of Undivided Loyalty; (3) Interference with Prospective Economic Advantage; (4) Violation of California Uniform Trade Secrets Act ("CUSTA"); (5) Violation of the Defend Trade Secrets Act ("DTSA"); and (6) Violation of Business and Professional Code §17200 ("UCL").

On September 19, 2022, a jury returned a verdict in favor of Plaintiff and against Wolfe for breach of contract, breach of implied covenant of good faith and fair dealing, breach of loyalty, interference with prospective economic advantage, California Trade Secrets Act, and Defend Trade Secrets Act. The jury awarded $897,591.00 in past economic loss and $269,277.00 in future economic loss, for a total of $1,166.868. Additionally, the jury awarded $200,000 in punitive damages.

### A. Summary of Arguments

Plaintiff moves for fees of $1,284,671.00 and costs of $170,555.98 under Civil Code §3426.4. The jury found that Defendant willfully and maliciously misappropriated trade secrets. It argues that the fees are reasonable.

Defendant asserts that the court should not award fees based on *Bladeroom Group Limited*

*v. Emerson Electric Co.* as there was no physical harm, there was no disregard of health or safety, there was no financially vulnerable party, there was no repeated misconduct, and the harm was not intentional. He also argues that the fees are not reasonable as this was a simple case that was over-litigated by Plaintiff. Defendant was representing himself for the first two years. He objects to block billing and the hourly rates. He contends that expert fees will not be recovered. Plaintiff disputes that this was a simple trade secret trial as trade secrets are more complicated. Prior to filing a complaint, there must be pre-discovery identification of the trade secrets. Defendant disputed the material allegations at trial. It distinguishes the cases cited by Defendant as involving exemplary damages. It contends that Defendant was represented by counsel as he incurred legal fees as part of his profit and loss statement.

**B.    Analysis**

Civil Code §3426.4 permits the recovery of reasonable attorney's fees and costs if there is a willful and malicious misappropriation. Recoverable costs include expert witnesses. (*Id.*) One case found that where the jury awarded punitive damages, since that required a finding of malice, that was sufficient basis to find "willful and malicious misappropriation." (*Vacco Industries, Inc. v. Van Den Berg* (1992) 5 Cal.App.4th 34, 54.)

Defendant, instead, relies on *BladeRoom Group Limited v. Emerson Electric Co.* Defendant however failed to provide the proper citation, i.e. the date, as there are 30 opinions in that case. Presuming that Defendant is relying on *BladeRoom Group Limited v. Emerson Electric Co.* (N.D. Cal., Mar. 11, 2019), Case No. 5:15-cv-01370-EJD, 2019 WL 1117538, the Ninth Circuit reversed and vacated that opinion in *BladeRoom Group Limited v. Emerson Electric Co.* (9th Cir. 2021) 20 F.4th 1231. Furthermore, both cases deal with punitive damages under Civil Code §3426.3—with attorney fees in the district court opinion to be a minor issue. Defendant points to the fact that *BladeRoom relied on Mattel, Inc. v. MGA Entertainment, Inc.* (C.D. Cal. 2011) 801 F. Supp.2d 950, but that case was also a discussion of punitive damages; while fees were discussed, it was merely on the amount of fees—not whether fees were recoverable. The court disregards *BladeRoom* and *Mattel*.

Here, attorneys' fees are appropriate based on the fact that the jury found that Defendant

- 2 -
[PROPOSED] ORDER                                                **IMPACT001195**

1 engaged in willful and malicious misappropriation (verdict form G.1) and awarded punitive
2 damages.  At issue is the amount.  The matter of reasonableness of a party's attorney's fees is
3 within the sound discretion of the trial judge.  (*Bruckman v. Parliament Escrow Co.* (1989) 190
4 Cal.App.3d 1051, 1062.)  Courts generally consider several factors in determining the
5 reasonableness of a party's attorney's fees.  These include "the nature of the litigation, the
6 difficulty of the litigation, the attention given to the issues, the success of the attorney's efforts,
7 and time consumed.  [Citation omitted.]"  (*PLCM Group, Inc. v. Drexler* (1999) 72 Cal.App.4th
8 693, 708.)  Although a fee request ordinarily should be documented in great detail, the court is
9 entitled to make its own evaluation of the reasonable worth of the work done in light of the nature
10 of the case and the credibility of counsel's declaration, unsubstantiated by time records and billing
11 statements.  (See *Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1587; see also *Bernardi v.*
12 *County of Monterey* (2008) 167 Cal.App.4th 1379, 1394.)  Specifically, in exercising its
13 discretion, the Court may consider all of the facts and the entire procedural history of the case in
14 setting the amount of a reasonable attorney's fee award.  (*Bernardi*, *supra*, 167 Cal.App.4th 1379,
15 1394.)

16 Lodestar is the objective starting point to determine if attorney's fees are reasonable.
17 (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1242.)  Lodestar is calculated by assessing
18 the reasonable rate for comparable services in the local community, multiplied by the reasonable
19 number of hours spent on the case.  (*Id.*)  Lodestar requires the court to determine what a
20 reasonable rate and number of hours expended is. (*Concepcion v. Amscan Holdings, Inc.* (2014)
21 223 Cal.App.4th 1309, 1320.)

22 Based on the declaration of Darnell, the time spent is as follows **through judgment:**

23

| Name | Position | Hourly Rate | Time Spent | Total |
|---|---|---|---|---|
| David Darnell | Supervising Attorney | $595-$665 | 1,358.0 | $887,225.50 |
| James Sabovich | Senior Trial Attorney | $560-$610 | 101.6 | $56,926.00 |

| Name | Position | Hourly Rate | Time Spent | Total |
|---|---|---|---|---|
| John Van Ackeren | Senior Trial Attorney | $495-$560 | 188.8 | $99,222.50 |
| Gaurav Reddy | Unknown Attorney | $560 | 1.2 | $672.00 |
| Joseph Klatt | Unknown Attorney | $560 | .3 | $168.00 |
| Debora Halbert | Supervising Paralegal | $195-$265 | 710.9 | $179,852.00 |
| Monique Kingsbury | Assistant Paralegal | $125 | 197.1 | $24,637.50 |
| Yaritza Gruber | Other Paralegal | $150 | 30.2 | $4,530.00 |
| Dawn Conrad | Other Paralegal | $125 | 13.0 | $1,625.00 |
| Megan Le | Other Paralegal | $125 | 9.3 | $1,162.50 |
| Tyler Reed | Other Paralegal | $265 | 3.2 | $848.00 |
| Allison Purcell | Other Paralegal | $195 | 2.7 | $526.50 |
| Jeannie Kirwin | Other Paralegal | $125 | .5 | $62.50 |
| **TOTAL** | | | | $1,257,458.00 |
| Sanctions Credit | | | | ($3,555.00) |
| Deductions | | | | ($1,207.00) |
| **TOTAL** | | | | $1,252,696.00 |

Oddly, this does not match what Plaintiff seeks, i.e. $1,252,771.00 for the fees up to judgment. Darnell indicates that they billed $1,257,533 through trial, but applied a credit of $3,555 for sanctions and deduced $1,207.00. There is a difference of $75.00.

The fees are inflated. First, counsel indicates they spent $31,900 (46 hours x $665 (partner) + 20 hours x $265 (paralegal) just on this motion. Thus, including the time spent on this motion updates this to:

| Name | Position | Hourly Rate | Time Spent | Total |
|---|---|---|---|---|
| David Darnell | Supervising Attorney | $595-$665 | 1,404.0 | $917,815.50 |

| Name | Position | Hourly Rate | Time Spent | Total |
|---|---|---|---|---|
| James Sabovich | Senior Trial Attorney | $560-$610 | 101.6 | $56,926.00 |
| John Van Ackeren | Senior Trial Attorney | $495-$560 | 188.8 | $99,222.50 |
| Gaurav Reddy | Unknown Attorney | $560 | 1.2 | $672.00 |
| Joseph Klatt | Unknown Attorney | $560 | .3 | $168.00 |
| Debora Halbert | Supervising Paralegal | $195-$265 | 730.9 | $185,152.00 |
| Monique Kingsbury | Assistant Paralegal | $125 | 197.1 | $24,637.50 |
| Yaritza Gruber | Other Paralegal | $150 | 30.2 | $4,530.00 |
| Dawn Conrad | Other Paralegal | $125 | 13.0 | $1,625.00 |
| Megan Le | Other Paralegal | $125 | 9.3 | $1,162.50 |
| Tyler Reed | Other Paralegal | $265 | 3.2 | $848.00 |
| Allison Purcell | Other Paralegal | $195 | 2.7 | $526.50 |
| Jeannie Kirwin | Other Paralegal | $125 | .5 | $62.50 |
| **TOTAL** | | | 2,682.81 | $1,293,348.00 |
| Sanctions Credit | | | | ($3,555.00) |
| Deductions | | | | ($1,207.00) |
| **TOTAL** | | | | $1,288,586.00 |

This request is excessive as the equivalent of a partner should not spend 46 hours on preparing this motion. A review of the other paralegals demonstrates that they primarily did secretarial/clerical work, not paralegal work; or the descriptions are too vague. Furthermore, Plaintiff failed to provide sufficient information about their experience to justify their hourly rate. Therefore, the court will not award these fees. The court similarly finds that as to Reddy and Klatt as attorneys, insufficient information is provided to justify their rates. As such, the court will only award fees related to Darnell, Sabovich, Van Ackeren, Halbert and Kingsbury. However, their fees seem excessive for Riverside County. A more reasonable rate should be $550, $500, $500, $175, $125. Based on the fact that the attorney's fee motion was inflated, after a review of the records provided, the court will order the following:

| Name | Position | Hourly Rate | Time Spent | Total |
|---|---|---|---|---|
| David Darnell | Supervising Attorney | $550 | 1,275.0 | $917,815.50 |
| James Sabovich | Senior Trial Attorney | $500 | 90.0 | $56,926.00 |
| John Van Ackeren | Senior Trial Attorney | $500 | 150.0 | $99,222.50 |
| Debora Halbert | Supervising Paralegal | $175 | 650.0 | $185,152.00 |
| Monique Kingsbury | Assistant Paralegal | $125 | 150.0 | $24,637.50 |
| **TOTAL** | | | 2,315 | $953,750.00 |
| Sanctions Credit | | | | ($3,555.00) |
| Deductions | | | | ($1,207.00) |
| **TOTAL** | | | | **$948,988.00** |

As for costs, those will be dealt with in the pending motion to tax costs set for 3/29/23.

**IT IS SO ORDERED.**

DATED: 03/03/2023

JUDGE OF THE SUPERIOR COURT
Honorable Eric A Keen