# EXHIBIT G

| Fill in this information to identify your case: | |
|---|---|
| Debtor | Aaron Michael Wolfe |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF TENNESSEE |
| Case number (if known) | 24-10541-NWW |

# Official Form 410
# Proof of Claim

4/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Impact Images, Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Impact Images, Inc.
c/o Ryan A. Burgett
Husch Blackwell LLP
736 Georgia Avenue, Suite 300
Chattanooga, TN 37405
Name, Number, Street, City, State & Zip Code

Contact phone    423-266-5500

Contact email    ryan.burgett@huschblackwell.com

Where should payments to the creditor be sent? (if different)

Impact Images, Inc.
c/o Michael L. Ohirko
22600 Temescal Canyon Road
Corona, CA 92883
Name, Number, Street, City, State & Zip Code

Contact phone _____

Contact email    MikeO@impactcanopy.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410    Proof of Claim    page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

| 6. Do you have any number you use to identify the debtor? | ■ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|
| 7. How much is the claim? | $ __2,549,996.59__ Does this amount include interest or other charges?<br>☐ No<br>■ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>__Final and non-appealable Judgment__ |
| 9. Is all or part of the claim secured? | ■ No<br>☐ Yes.    The claim is secured by a lien on property.<br>           **Nature of property:**<br>           ☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>           ☐ Motor vehicle<br>           ☐ Other. Describe: _____<br>           **Basis for perfection:** _____<br>           Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>           **Value of property:**  $ _____<br>           **Amount of claim that is secured:**  $ _____<br>           **Amount of claim that is unsecured:**  $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>           **Amount necessary to cure any default as of the date of the petition:**  $ _____<br>           **Annual Interest Rate** (when case was filed)   __0__ %<br>           ☐ Fixed<br>           ☐ Variable |
| 10. Is this claim based on a lease? | ■ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition:**  $ _____ |
| 11. Is this claim subject to a right of setoff? | ■ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ■ No<br>☐ Yes. Check one: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

■ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  05/08/2024
MM/DD/YYYY

_Signature_ /s/ Michael Ohirko

Print the name of the person who is completing and signing this claim:

Name: **Michael L. Ohirko**
Title: **President**
Company: **Impact Images, Inc.**
Identify the corporate servicer as the company if the authorized agent is a servicer.
Address: **22600 Temescal Canyon Road
Corona, CA 92883**
Number, Street, City, State and Zip Code

Contact phone  604-209-2110   Email  MikeO@impactcanopy.com

Official Form 410    Proof of Claim    page 3

# EXHIBIT A TO PROOF OF CLAIM OF
# IMPACT IMAGES, INC.

a.  This proof of claim is filed by Impact Images, Inc. ("Claimant") pursuant to the Amended Judgment ("Judgment") entered in favor of Claimant and against Aaron Michael Wolfe ("Debtor") on April 11, 2023 in the Superior Court of California, County of Riverside, in a case captioned: *Impact Images, Inc. v. Aaron Wolfe, et al.*, Case No. RIC1903448. The Judgment was entered in the total principal sum of $2,453,194.07, which amount includes $1,166,868.00 in compensatory damages, $200,000.00 in punitive damages, attorneys' fees of $948,988.00, and costs of $137,338.07, plus post-judgment interest. A true and correct copy of the Judgment is attached hereto as **Exhibit 1**.

b.  As of March 6, 2024 (the "Petition Date"), Debtor is indebted to Claimant in the total amount of $2,549,996.59, which is inclusive of accrued post-judgment interest in the total amount of $296,802.52 and credits due and owing by Claimant to Debtor in the total amount of $200,000.00, plus any and all amounts allowable in this case and pursuant to the Judgment.

c.  Claimant hereby demands payment of its claim in the amount of $2,549,996.59.

d.  Nothing contained in this Proof of Claim is a waiver of any right, claim or defense of Claimant against Debtor. All such rights are expressly reserved. Nothing contained in this Proof of Claim is a waiver of any right against any other debtor or non-debtor party. Claimant hereby reserves the right to alter, amend, supplement, modify and/or withdraw this Proof of Claim at any and all times. To the full extent of law, including *Stern v. Marshall*, 564 U.S. 462 (2011), Claimant demands that any non-core proceedings relating to or arising under this Proof of Claim be tried by a jury in a Federal District Court. The submission of this Proof of Claim is subject to, not a waiver or release of, and Claimant hereby reserves:

1

i. Any lack of venue or jurisdiction by this Court over this case or any adversary action, contested matter, or other proceeding ("<u>Matter</u>") in this case;

ii. Any right to a jury trial in any Matter (this Proof of Claim shall constitute a demand for such jury trial);

iii. Any right to de novo review of any non-core Matter;

iv. Any right to contest and deny any and all claims, if any, asserted against Claimant;

v. Any right to withdrawal of the reference of this case or any Matter; and

vi. Any other rights, claims, actions, defenses and setoff or recoupment.

2

# EXHIBIT 1

Case 11-24-01052-NWW    Doc 19-7    Filed 04/09/24    Entered 04/09/25 11:25:24    Desc
Exhibit G-Proof of Claim    Page 7 of 12

```
 1 | CALLAHAN & BLAINE, APLC
   | David J. Darnell (Bar No. 210166)
 2 | John D. Van Ackeren (Bar No. 240739)
   | 3 Hutton Centre Drive, Ninth Floor
 3 | Santa Ana, California 92707
   | Telephone: (714) 241-4444
 4 | Facsimile: (714) 241-4445
 5 | Attorneys for Plaintiff IMPACT IMAGES, INC.
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 13 2023

M. VARGAS

APR 17 2023

SUPERIOR COURT OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| IMPACT IMAGES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AARON WOLFE, an individual and doing business as Active Canopy; ROBERT BOLDEN, an individual and doing business as Activate Canopy; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. RIC1903448<br><br>Hon. Eric A. Keen<br>Department 06<br><br>[PROPOSED] AMENDED JUDGMENT<br><br>Complaint Filed: June 21, 2019<br>Trial Date: August 26, 2022 |

[PROPOSED] AMENDED JUDGMENT

       The above-entitled action came on regularly for jury trial on August 26, 2022 before the Honorable Eric A. Keen in Department 6. David J. Darnell from Callahan & Blaine appeared on behalf of Plaintiff Impact Images, Inc. Trevor Loo and Lisa Rayburn from the Loo Firm appeared on behalf of Defendant Aaron Wolfe, also known as Rusty Wolfe.

       A jury of 12 persons was impaneled and sworn, witnesses were sworn and testified, and evidence was presented to the jury and admitted by stipulation of the parties and by order of the Court.

       After being presented with the evidence and hearing the testimony of witnesses, the jury was instructed by the Court before hearing the closing arguments of the attorneys, after which it proceeded with deliberations to consider its verdict on liability, compensatory damages and punitive damages.

       After returning into Court and being called, the jury was polled by a show of hands by agreement of counsel and rendered their verdict on liability, compensatory damages and punitive damages in the verdict form as follows:

1. The jury found in favor of Plaintiff Impact Images, Inc. and against Defendant Aaron Wolfe, also known as Rusty Wolfe, on Plaintiff's claims for breach of contract, breach of duty of loyalty, interference with prospective economic advantage, misappropriation of trade secrets under the California Uniform Trade Secrets Act (Cal. Civ. Code §3426, *et seq.*), misappropriation of trade secrets under the federal Defend Trade Secrets Act of 2016 (18 U.S.C. §1836, *et seq.*), and awarded compensatory damages in the amount of $1,166,868.00.

2. The jury found that Defendant Aaron Wolfe, also known as Rusty Wolfe, engaged in willful and malicious misappropriation of trade secrets.

3. The jury found that Defendant Aaron Wolfe, also known as Rusty Wolfe, engaged in conduct with malice, oppression, or fraud, and awarded punitive damages in the amount of $200,000.00.

       On October 26, 2022, the Court entered Judgment in favor of Plaintiff Impact Images, Inc. and against Defendant Aaron Wolfe, also known as Rusty Wolfe, as follows:

- 1 -
[~~PROPOSED~~] AMENDED JUDGMENT

    a)    Compensatory damages in the amount of $1,166,868.00 as determined by the jury, plus punitive damages in the amount of $200,000.00 as determined by the jury, for a total judgment as determined by the jury of $1,366,868.00;

    b)    Post-judgment interest on the amount of $1,366,868.00 shall accrue from on or after September 19, 2022 at the legal rate until paid.

In addition, the Judgment confirmed that Plaintiff Impact Images, Inc. may file a post-trial motion for an award of attorney's fees and costs as the prevailing party, in addition to other appropriate remedies and relief that may be authorized by statute or law, which shall be determined by the Court, and that the Court reserved jurisdiction to amend, modify or alter that Judgment to include such other or further relief as may be necessary and appropriate.

On March 1, 2023, the Court awarded Plaintiff Impact Images, Inc. the sum of $948,988 in attorney's fees. Also on March 1, 2023, the Court issued a permanent injunction in favor of Plaintiff Impact Images, Inc. and against Defendant Aaron Wolfe, also known as Rusty Wolfe. These Court rulings were confirmed in an Order re: Plaintiff Impact Images, Inc.'s Motion for Attorney's Fees and an Order re: Plaintiff's Impact Images, Inc.'s Motion for Injunctive Relief, both of which were entered by the Court on March 6, 2023.

On January 27, 2023, Plaintiff Impact Images, Inc. filed a memorandum of costs in the amount of $170,555.98, and Defendant Aaron Wolfe thereafter filed a Motion to Strike or Tax Costs. On March 29, 2023, the Court denied in part and granted in part Defendant Aaron Wolfe's Motion to Strike or Tax Costs. The Court's ruling was confirmed in an Order re: Defendant Aaron Wolfe's Motion to Strike or Tax Costs. After accounting for the amounts set forth in the Court's Order, the Court ruled that Plaintiff Impact Images, Inc. shall be awarded costs in the total amount of $137,338.07.

Accordingly, the Court hereby amends the Judgment in this case to conform to the jury's verdict and the Court's post-trial rulings on attorney's fees and costs, and thus ORDERS, ADJUDGES and DECREES as follows:

    1.    Judgment is entered in favor of Plaintiff Impact Images, Inc. and against Defendant

- 2 -
[~~PROPOSED~~] AMENDED JUDGMENT

Aaron Wolfe, also known as Rusty Wolfe, for the total principal sum of **$2,453,194.07**, which is based on and shall accrue post-judgment interest as follows:

(a) Compensatory damages in the amount of $1,166,868.00 as determined by the jury, plus punitive damages in the amount of $200,000.00 as determined by the jury, for a total damages award as determined by the jury of $1,366,868.00. Post-judgment interest on the damages award of $1,366,868.00 shall accrue from September 19, 2022 at the legal rate of 10% per annum on the principal amount remaining unsatisfied.

(b) Attorney's fees in the amount of $948,988 as determined by the Court. Post-judgment interest on the attorney's fees award of $948,988 shall accrue from March 1, 2023 at the legal rate of 10% per annum on the principal amount remaining unsatisfied.

(c) Costs in the amount of $137,338.07 as determined by the Court. Post-judgment interest on the costs award of $137,338.07 shall accrue from March 29, 2023 at the legal rate of 10% per annum on the principal amount remaining unsatisfied.

2. Judgment includes a permanent injunction whereby:

1. Defendant Aaron Wolfe, also known as Rusty Wolfe, is barred from using or referencing any of Plaintiff Impact Images, Inc.'s confidential, trade secret and proprietary information ("Confidential, Trade Secret and Proprietary Information") to contact and solicit any customer of Impact. As used herein, the term "Confidential, Trade Secret and Proprietary Information" includes:

i. Impact's customer lists, customer contact information, customer purchase information, customer preference information and customer pricing information, including the folders and files comprising "Impact Canopies USA Retention," "Impact Canopies

- 3 -
[PROPOSED] AMENDED JUDGMENT

     USA Retention Master List," Impact's "Salesforce Contacts,"

     Impact's "Marketing Database," and Impact's "Mailchimp" folders.

     See Trial Exh. 259 (Decl. of Sarah Briones, Exhs. C and D thereto);

     and

   ii. Impact's technical plans, designs and specifications for canopies,

     including Impact's thumb button operation and mold, thumb button

     color, logo location on brackets, the composite materials in Impact's

     brackets, the gauge and grades of the steel tubes used on Impact's

     canopies, Impact's powder coating color, Impact's patches,

     including its "corner patch", "top patch" and roller bag patch,

     Impact's velcro valence, Impact's center pole frame sticker, and

     Impact's fire registration number (F-96601) and label;

2. Defendant Aaron Wolfe, also known as Rusty Wolfe, shall destroy all documents or electronic data in his possession, custody or control that reflect or refer or relate to Impact's "Confidential, Trade Secret and Proprietary Information" (as defined above) that is saved on any computer, hard drive or electronic storage device, as well as on Wolfe's personal Google Drive or any other cloud based storage system, that Wolfe can access or that is in Wolfe's possession, custody or control.

3. The Court hereby reserves jurisdiction to further amend, modify or alter this Amended Judgment, including but not limited to matters relating to the permanent injunction and compliance therewith, and to include such other or further relief as may be necessary and appropriate.

IT IS SO ORDERED.

Dated: 4/11, 2023

Honorable Eric A. Keen
Riverside Superior Court Judge

- 4 -
[~~PROPOSED~~] AMENDED JUDGMENT