

**SIGNED this 21st day of May, 2025**

Nicholas W. Whittenburg
**Nicholas W. Whittenburg**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **Aaron Michael Wolfe** | ) | **No. 1:24-bk-10541-NWW** |
| | ) | **Chapter 7** |
| Debtor | ) | |
| | ) | |
| **Impact Images, Inc.** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Adv. No. 1:24-ap-01020-NWW** |
| | ) | |
| **Aaron Michael Wolfe** | ) | |
| | ) | |
| Defendant | ) | |

## M E M O R A N D U M

On June 3, 2024, plaintiff Impact Images, Inc., filed a complaint seeking to have

a debt owed to it declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (4), and

(6). Jurisdiction is proper in this court. 28 U.S.C. § 1334(b). This adversary proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

Initially, defendant Aaron Wolfe was represented by counsel, but after filing an answer and obtaining a scheduling order, the defendant moved for that counsel to withdraw. ECF No. 14. The court granted the withdrawal motion, and ever since, the defendant has been representing himself. ECF No. 17.

According to the complaint, in October 2010, the defendant began working for the plaintiff in the sale of custom pop-up tents, canopies, banners, flags, and other marketing items that incorporate customers' designs, logos, and graphics. By the end of the decade, the parties' relationship had soured. The defendant resigned and started his own business in the same field as the plaintiff's, and the plaintiff sued the defendant in California state court alleging breach of contract, breach of duty of undivided loyalty, interference with prospective economic advantage, violation of California Uniform Trade Secrets Act, violation of the federal Defend Trade Secrets Act, and violation of California Business and Professions Code § 17200. Complaint Ex. B, ECF No. 1.

The parties litigated in California for several years, and ultimately, a jury found for the plaintiff on breach of contract, breach of implied covenant of good faith and fair dealing, breach of duty of loyalty, interference with prospective economic advantage, violation of California Uniform Trade Secrets Act, and violation of the federal Defend

- 2 -

Trade Secrets Act.[1] Complaint Ex. C, ECF No. 1. The defendant admits that a jury

entered that verdict against him. Answer para. 22, ECF No. 10.

That verdict found that the defendant misappropriated trade secrets under

federal and California law. It found that the defendant intended or knew that his

misappropriation would injure the plaintiff. Complaint Ex. C Section F(3), ECF No. 1. It

found that the defendant knowingly stole or without authorization appropriated, took,

carried away, concealed, obtained by fraud, obtained by artifice, or obtained by

deception the plaintiff's trade secrets. *Id.* Section F(4). It found that the defendant

willfully and maliciously misappropriated the plaintiff's trade secrets. *Id.* Section G(1).

And it found that the defendant acted with malice, oppression, or fraud. *Id.* Section

H(1).

Following post-trial motions, the California court entered a judgment against the

defendant in the amount of $2,453,194.07. *Id.* Ex. D. That amount was made up of:

A.    $1,166,868.00 compensatory damages;
B.    $200,000.00 punitive damages;
C.    $948,988.00 attorney's fees; and
D.    $137,338.07 costs.

The California court affixed a 10% interest rate to its judgment. *Id.* On March 6, 2024

(the date the defendant filed a chapter 7 bankruptcy petition), the outstanding debt

owed to the plaintiff was $2,549,996.59. 1:24-bk-10541-NWW, Proof of Claim 3. The

---

[1] The "implied covenant of good faith and fair dealing" count was not included in the complaint filed as an exhibit with this court. Nothing in the record indicates how that count was added. The court assumes that the state court complaint was amended sometime before trial.

defendant admits that $2.5 million amount is the amount owed on the petition date.

Answer para. 26, ECF No. 10.

Importantly for reasons stated later in this opinion, the defendant admits that the

California judgment is final and not able to be appealed. *Id.* para. 27.

Before the court now is a motion for summary judgment filed by the plaintiff. ECF

No. 27. The motion seeks summary judgment only as to one claim in the complaint,

namely that the debt owed to the plaintiff be declared nondischargeable under 11

U.S.C. § 523(a)(6) for willful and malicious injury. The defendant did not respond to the

motion, and consequently, the court construes his silence as a lack of opposition to the

motion. E.D. Tenn. LBR 7007-1(a).

Having considered the motion, supporting brief, statement of undisputed material

facts, and lack of opposition by the defendant, the court will grant the plaintiff's motion

for summary judgment.

## I.    Summary Judgment Standard

A party is entitled to summary judgment if "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. When deciding a motion

for summary judgment, the court construes all reasonable inferences in favor of the

nonmoving party. *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009) (citing

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). When

the evidence would permit a reasonable jury to return a verdict for the nonmoving party,

- 4 -

a genuine issue of material fact exists, and the court must deny summary judgment.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the face of a summary judgment motion, the nonmoving party may not rest on

its pleadings, but must come forward with some probative evidence to support its claim.

*Celotex v. Catrett*, 477 U.S. 317, 325 (1986); *60 Ivy St. Corp. v. Alexander*, 822 F.2d

1432, 1435 (6th Cir. 1987) (holding that a nonmoving party must present "some

significant probative evidence which makes it necessary to resolve the parties' differing

versions of the dispute at trial"). According to Federal Rule of Civil Procedure 56(c)(1),

"[a] party asserting that a fact . . . is genuinely disputed must support the assertion by

. . . citing to particular parts of materials in the record . . . or . . . showing that the

materials cited do not establish the absence . . . of a genuine dispute, or that an

adverse party cannot produce admissible evidence to support the fact."

## II.    Analysis

In addition to not responding to the motion for summary judgment, the defendant

also did not respond to the plaintiff's statement of undisputed material facts. Failure to

respond to a statement of undisputed material facts is treated as admitting the facts.

E.D. Tenn. LBR 7056-1(b).

The main assertion in the plaintiff's motion is that the court should grant sum-

mary judgment on the Section 523(a)(6) count by applying collateral estoppel and

holding that the California court's finding of willful and malicious misappropriation of

trade secrets satisfies the Section 523(a)(6) requirements for proving willful and

malicious injury. "Collateral estoppel prevents the relitigation of an ultimate fact that was

determined by a valid and final judgment in a prior action." *CMCO Mortg. Co. v. Hill (In re Hill)*, 957 F.3d 704, 710 (6th Cir. 2020) (citing *Dowling v. United States*, 493 U.S. 342, 347 (1990)).

"[F]ederal court[s] must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Ingram v. City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999).

That deference "applies equally in the context of extending a state court judgment's determination of elements to a question of dischargeability before a bankruptcy court." *In re Hill*, 957 F.3d at 711 (citing *Grogan v. Garner*, 498 U.S. 279, 284 (1991); *MarketGraphics Rsch. Grp., Inc. v. Berge (In re Berge)*, 953 F.3d 907, 916–17 (6th Cir. 2020); *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981) ("If a state court should determine factual issues using standards identical to those in dischargeability proceedings, then collateral estoppel—if held to be applicable and in the absence of countervailing statutory policy—would bar relitigation of those issues in the bankruptcy court.")). So, the court looks to California law to determine what preclusive effect California courts would give to the plaintiff's judgment against the defendant. *Migra*, 465 U.S. at 81.

Collateral estoppel in California has five elements:

1.  the issue to be precluded from relitigation must be identical to the issue in the first case,
2.  the issue must have been actually litigated in the first case,
3.  the issue must have been necessarily decided in the first case,
4.  the first case's decision must be final and on the merits, and

- 6 -

5.      the party to be precluded from relitigating the issue must be the same as
(or in privity with) the party in the first case.

*Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001).

Even if all five of those elements are satisfied, there is an additional consider-

ation. In California, a court does not apply collateral estoppel "automatically or rigidly,"

and may instead choose not to apply it out of fairness. *Lopez v. Emergency Serv.*

*Restoration, Inc. (In re Lopez)*, 378 F. App'x 610, 613 (9th Cir. 2010) (citations omitted).

That requires balancing the court's need to limit litigation against factors raised by the

opposing party. *Id.* (citation omitted).

## A.      Element One: Identical Issue

Among other findings, a California jury found that the defendant committed a

willful and malicious misappropriation of the plaintiff's trade secrets. Pl.'s Statement of

Undisputed Material Facts Ex. D Section G(1), ECF No. 29. That finding is the focus of

the plaintiff's brief in support of summary judgment, specifically arguing that the willful

and malicious misappropriation is identical to a willful and malicious injury under

Section 523(a)(6). Pl.'s Mem. Supp. Summ. J. 5, ECF No. 28.

The California jury verdict found that the defendant intended or knew that his

misappropriation or use of the plaintiff's trade secrets would injure the plaintiff. Pl.'s

Statement of Undisputed Material Facts Ex. D Section F(3), ECF No. 29. It also found

that the defendant acted with malice, oppression, or fraud. *Id.* Section H(1).

Cumulatively, those findings amount to finding that the defendant's willful and

malicious conduct injured the plaintiff. That is the essence of determining whether the

defendant's debt to the plaintiff is nondischargeable in bankruptcy under Section

523(a)(6). The issue sought to be litigated in this court is identical to the issue litigated already in California state court. This element of collateral estoppel is satisfied.

### B.      Element Two: Actually Litigated

At multiple hearings, the defendant has mentioned that the California jury trial lasted for ten days. The court does not accept that as literal, but it indicates the defendant's admission that there was a jury trial of some length in California. What is known for certain is that trial began on August 26, 2022; the presiding judge delivered jury instructions on September 15, 2022; and the jury returned its verdict on September 19, 2022. Pl.'s Statement of Undisputed Material Facts Ex. C (transcript excerpt from date of jury instructions), Ex. D (dated jury verdict), and Ex. G (amended judgment listing trial start date), ECF No. 29.

The debtor was represented by an attorney in that lawsuit, and he presented defenses to the California complaint at trial. *Id.* Ex. B para. 3.

Assuming the defendant is correct about trial lasting for ten days, "a ten-day jury trial suggests that there was a full and, presumably fair, litigation of the issues." *Ice House America, LLC v. Cardin (In re Cardin)*, No. 11-52077, 2013 WL 1092118, at *6 (Bankr. E.D. Tenn. Jan. 31, 2013).

This element is not in dispute. Whether the defendant willfully and maliciously misappropriated trade secrets was actually litigated during the California state court lawsuit. This element of collateral estoppel is satisfied.

- 8 -

## C.    Element Three: Necessarily Decided

For a state court's finding to be necessary to its judgment so that a bankruptcy court can apply collateral estoppel in a nondischargeability action, the same elements required for nondischargeability under 11 U.S.C. § 523(a)(6) must have been required for the state court judgment. *In re Hill*, 957 F.3d at 713. As interpreted by the Sixth Circuit,

> Section 523(a)(6) of the Bankruptcy Code provides that a Chapter 7 debtor cannot discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999) (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)); *see also In re Berge*, 953 F.3d at 914–15. The word "malicious" further requires that the injury be "without just cause or excuse." *Berge*, 953 F.3d at 914 (quoting *In re Boland*, 946 F.3d 335, 338 (6th Cir. 2020)).

*Id.*

In the California lawsuit, the state court included attorney's fees and costs in its judgment, pursuant to California Civil Code § 3426.4. Pl.'s Statement of Undisputed Material Facts Ex. E, ECF No. 29. That section requires that a defendant's misappropriation of trade secrets be willful and malicious before a court can award attorney's fees and expenses. *In re Lopez*, 378 F. App'x at 613. As mentioned before, a jury found that the defendant willfully and maliciously misappropriated trade secrets.

Misappropriation of trade secrets requires that a defendant commit a wrongful act. *Id.* at 612–13 (citing Cal. Civ. Code § 3426.1 (a)–(b); *On Command Video Corp. v. LodgeNet Ent. Corp.*, 976 F. Supp. 917, 932 (N.D. Cal. 1997)). In deciding whether the

defendant did so under California law, the jury found that the plaintiff owned valuable confidential information that was kept secret. Pl.'s Statement of Undisputed Material Facts Ex. D, Section E(1)–(3), ECF No. 29. It then found that the defendant improperly acquired, used, or disclosed that confidential information, which injured the plaintiff. *Id.* Section E(5)–(6).

Under federal law, the jury found the defendant intended to convert the plaintiff's trade secrets to the economic benefit of himself or someone other than the plaintiff. *Id.* Section F(1). The jury also found that the defendant either intended or knew that misappropriating or using the plaintiff's trade secrets would injure the plaintiff. *Id.* Section F(3). Further, the jury found that the defendant knowingly stole or without authorization appropriated, took, carried away, concealed, obtained by fraud, obtained by artifice, or obtained by deception the plaintiff's trade secrets. *Id.* Section F(4).

All of those findings were necessary for a jury to find that the defendant had misappropriated a trade secret, and finding that he had done so willfully and maliciously was necessary to award attorney's fees and costs. The multiple findings by the jury match the Sixth Circuit's requirements for nondischargeability under 11 U.S.C. § 523(a)(6). The defendant knew that he was taking or using the plaintiff's trade secrets (willful), and he knew that doing so would injure the plaintiff (injury). The defendant also did not have a just cause or excuse in misappropriating trade secrets, merely intending to convert them for economic benefit (malicious).

There are no additional elements for nondischargeability of the debt owed to the plaintiff that this court needs to consider. All of the inquiry and determination has been

done in state court, and doing so was necessary for the California state court's judgment. This element of collateral estoppel is satisfied.

### D.    Element Four: Final and on the Merits

The Sixth Circuit strictly upholds the "deeply embedded judicial and legislative policy in favor of keeping final judgments final." *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844, 846 (6th Cir. 2017) (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950); *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

Finality is not in question here. The defendant admits that the California judgment is final. Def.'s Answer para. 27, ECF No. 10. Additionally, the judgment was clearly on the merits of the state court complaint, having been decided after a multiday trial before a jury that rendered a verdict on each count in the complaint. This element of collateral estoppel is satisfied.

### E.    Element Five: Identical Parties

The defendant admits that he and the plaintiff were both parties to the California state court lawsuit. Pl.'s Statement of Undisputed Material Facts Ex. B para. 1, ECF No. 29 (defendant's responses to request for admissions). Not only were they both parties to the suit, but they also were in the same positions. The plaintiff in this proceeding (Impact Images, Inc.) was the plaintiff in California, and the defendant in this proceeding (Aaron Wolfe) was the defendant in California.

The element is not in dispute. The parties in this adversary proceeding are identical to the parties in the California law suit. This element of collateral estoppel is satisfied.

### F.      Collateral Estoppel Exception: Fairness

Despite each element of collateral estoppel required by California law being satisfied, the analysis does not end. One final fairness consideration can warrant a California court not giving preclusive effect to a prior California judgment. Think of it like a last-second gut check for a court to be confident that it is being just to the parties.

California public policy calls for a court to apply collateral estoppel to preserve the integrity of the judicial system, to promote judicial economy, and to protect litigants from harassment caused by vexatious litigation. *In re Lopez*, 378 F. App'x at 613 (citation omitted). Those policies strongly influence whether the court's application of collateral estoppel "would be fair to the parties and constitute sound judicial policy." *Id.* (citation omitted).

Nevertheless, parties have argued numerous reasons why collateral estoppel should not be applied. As one example, in the *Lopez* decision, the defendant staring down application of collateral estoppel to a Section 523(a)(6) count argued against its application because of

1.   alleged lack of decorum in a state court trial,
2.   alleged denial of a right to a jury,
3.   the fact that findings in the state court's written decision drafted by the plaintiff's counsel went beyond the court's oral ruling,
4.   incompetence of pretrial counsel,
5.   incompetence of trial counsel,

- 12 -

6.  the state court judge's suicide three years after trial while under criminal investigation,

7.  the defendant's depression and emotional distress resulting from the state court judgment and filing a bankruptcy case, and

8.  the intense animus of the corporate plaintiff's principal toward the defendant.

*Id.* Some of those arguments would apply in this case. At various points in this adversary proceeding—and in the defendant's bankruptcy case—the defendant has complained about the decorum of a juror who allegedly said he would change his vote if it meant he could go home.[2] He has alleged that his trial counsel was incompetent. And several exasperated times, he has claimed that the plaintiff's principal wants to put him out of business and bankrupt him.

The defendant's arguments would not convince a California court, though. In the *Lopez* case that raised more (and more pressing) arguments, the bankruptcy court refuted the fairness objections and applied collateral estoppel; the Ninth Circuit affirmed that decision stating that the bankruptcy court did not abuse its broad discretion whether to apply collateral estoppel. *Id.*

This is worth repeating: The defendant did not oppose the plaintiff's motion for summary judgment. Despite claiming to have evidence of misconduct in state court, the defendant has never introduced any evidence indicating that there was misconduct during the California trial. When pressed by this court, the defendant eagerly alleged that he had proof of doctored evidence and false testimony by expert witnesses, but he *never* supported those allegations with the slightest bit of evidence.

---

[2] Again, the defendant has not opposed summary judgment and has never presented any evidence to support that allegation.

What the defendant wants is for a federal court to review the California judgment
and act like an additional level of appeal that could overturn the judgment. That would
violate the well-established *Rooker-Feldman* doctrine, which "bars lower federal courts
from conducting appellate review of final state-court judgments because 28 U.S.C.
§ 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v.
Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). As stated previously, the California judg-
ment is final, and it cannot be appealed anymore. The defendant admits that. Answer
para. 27, ECF No. 10. This court would be in clear violation of a federal statute if it
reviewed the merits of the California judgment, and that will not happen. Like it or not,
the defendant is stuck with a multimillion dollar judgment in favor of the plaintiff.

## III.   Conclusion

All of the collateral estoppel elements have been satisfied, and California public
policy dictates that this court should give preclusive effect to the California state court's
determination that the defendant willfully and maliciously misappropriated the plaintiff's
trade secrets so that the defendant is precluded from relitigating that conclusion.
California's standard for willful and malicious misappropriation of trade secrets matches
the Sixth Circuit's interpretation of 11 U.S.C. § 523(a)(6). The court has everything
needed to declare the debt owed to the plaintiff nondischargeable in the defendant's
bankruptcy case.

For the foregoing reasons, the court finds that there is no genuine issue of
material fact and that as a matter of law the plaintiff has satisfied its burden of proof of
establishing that collateral estoppel applies and entitles it to a judgment under 11

U.S.C. § 523(a)(6) declaring the debt owed to the plaintiff in the amount of $2,453,197.07 plus post-judgment interest nondischargeable in the defendant's bankruptcy case. By separate order the court will grant the plaintiff's motion for summary judgment.

###